IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL S. CHANEY,

Petitioner,

v.                                                No. 15-0461-DRH

UNITED STATES OF AMERICA,

Respondent.

## MEMORANDUM and ORDER

Pending before the Court is the government's motion to dismiss Chaney's motion for relief pursuant to 28 U.S.C. § 2255 (Doc. 3). Chaney opposes the motion (Docs. 1& 4). Based on the record and the following, the Court **GRANTS** the motion to dismiss. Further, having closely examined the record, the Court concludes that an evidentiary hearing is not necessary in this matter. It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *Cooper v. United States,* 378 F.3d 638, 641–42 (7th Cir. 2004) (district court did not abuse its discretion in denying petitioner an evidentiary hearing where petitioner did not provide additional facts or assertions that would warrant a hearing).

On June 21, 2011, Michael S. Chaney, pursuant to a plea agreement, plead

guilty to conspiracy to commit mail fraud and money laundering in violation of 18 U.S.C. § 371. *See United States v. Chaney*, 11-30098-DRH; Docs. 4, 8, & 9. Magistrate Judge Donald G. Wilkerson took the plea after the parties consented to the same. *Id.* at Doc. 7. Also on that date, Chaney stipulated to the facts establishing his guilt. *Id.* at Doc. 8. On October 7, 2011, the Court sentenced Chaney to 54 months to run consecutively to the term of imprisonment imposed by the United States District Court/Eastern District of Kentucky, 05-15-DCR. *Id.* at Docs. 22 & 25. Chaney did not file a direct appeal. Thereafter, the Court granted a Rule 35 motion and reduced Chaney's sentence from 54 months to 43 months. *Id.* at Doc. 32.

On April 24, 2015, Chaney filed his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (Doc. 1). In this petition, Chaney maintains that he is entitled to relief based upon *United States v. Harden*, 758 F.3d 886 (7th Cir. 2014). On May 28, 2015, the government filed a motion to dismiss (Doc. 3) and on June 11, 2015, Chaney filed a reply (Doc. 4). As the motion to dismiss is ripe, the Court turns to address the merits of the motion to dismiss.

The Court must grant a "2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. More precisely, "[r]elief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice."

*Kelly v. United States,* 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). As a result, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States,* 83 F.3d 812, 816 (7th Cir. 1996); *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

Of course, a § 2255 motion does not substitute for a direct appeal. A defendant cannot raise constitutional issues that he could have but did not directly appeal unless he shows good cause for and actual prejudice from his failure to raise them on appeal or unless failure to consider the claim would result in a fundamental miscarriage of justice. *Bousley v. United States,* 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Fountain v. United States,* 211 F.3d 429, 433 (7th Cir. 2000); *Prewitt,* 83 F.3d at 816. Meanwhile, a § 2255 motion cannot pursue non-constitutional issues that were not raised on direct appeal regardless of cause and prejudice. *Lanier v. United States,* 220 F.3d 833, 842 (7th Cir. 2000). The only way such issues could be heard in the § 2255 context is if the alleged error of law represents "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Moreover, a § 2255 petition is subject to a one-year time limitation that generally runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).

In his 2255 petition, Chaney maintains that the Seventh Circuit's decision issued last summer in *United States v. Harden*, 758 F.3d 866 (7th Cir. 2014),

applies retroactively and bars his guilty plea. In *Harden*, the Seventh Circuit determined that, under the Federal Magistrates Act, magistrate judges are "not permitted to accept guilty pleas in felony cases and adjudicate a defendant guilty." *Harden*, 758 F.3d at 888-91. While Chaney's plea of guilty was accepted by Magistrate Judge Wilkerson, there are several reasons why *Harden* does not apply to Chaney.

First, unlike *Harden,* Chaney did not appeal his sentence or conviction, thus, he did not raise this issue or the circumstances surrounding his plea before a magistrate with the Seventh Circuit Court of Appeals. The Court finds that Chaney has waived this issue as he failed to raise this claim on appeal. *Harden* is premised on longstanding Supreme Court precedents. *See, e.g., Peretz v. United States*, 501 U.S. 923, 931-33 (1991); *Johnson v.* Ohio, 419 U.S. 924, 925 (1974); *Brady v. United* States, 397 U.S. 742, 748 (1970). The claim of prejudice, resulting from his plea before a magistrate, was ripe at the time of Chaney was allowed to file a direct appeal. Failure to raise an issue available at the time of appeal, forfeits the claim during a future collateral attack. *See* 28 U.S.C. § 2255; Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992), overruled on other grounds by *Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1997)(A Section 2255 petition cannot raise nonconsitutional issues that could have been but were not raised on direct appeal); *Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997)("Nonconstitutional claims like this one, which could have been raised on direct appeal but were not, are deemed waived even without taking cause and

prejudice into account."). Chaney failed to appeal this issue, and, consequently Chaney waived the claim during this collateral attack.

Moreover, Chaney's petition is untimely as *Harden* is not retroactive. Chaney's appeal and conviction became final around October 22, 2011 (as he did not file an appeal) – before the Seventh Circuit decided *Harden* on July 14, 2014. *See Sanchez-Castellano v. United States,* 358 F.3d 424, 428 (6th Cir.2004); *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005); *United States v. Plascencia*, 537 F.3d 385, 392 (5th Cir. 2008)  Chaney did not file this 2255 petition until April 24, 2015, more than three and half years after judgment was entered and became final.  As stated above *Harden* is premised on longstanding Supreme Court precedent and is not a new rule.  Further, neither the Supreme Court nor the Seventh Circuit has proclaimed *Harden* to be so.

In assessing whether *Harden* applies retroactively, in the absence of such a proclamation, the Court applies the standard in *Teague v. Lane*, 489 U.S. 288 (1989).  *See United States v. Van Daalwyk*, 21 F.3d 179, 183 (7th Cir. 1994). *Teague*, as a general rule, forbids the applications of new rules of criminal procedure on collateral review.  *Teague,* 489 U.S. at 310. *Teague* creates exceptions for the retroactive application of a new rule on collateral review "only if (1) the rule is substantive or (2) the rule is a watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Whorton v. Bockting*, 549 U.S. 406, 416, 127 S.Ct. 1173, 1180 167 (2007) (internal alterations and quotation marks omitted). Neither exception applies to *Harden.*

Page **5** of **10**

"A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes." *Schiro v. Summerlin,* 542 U.S. 348, 353, 124 S.Ct. 2519, 2223 (2004). "In contrast, rules that regulate only the *manner of determining* the defendant's culpability are procedural." *Id. Harden* provides that an Article III judge, and not a magistrate, must accept felony guilty pleas. This does not "narrow the scope of a criminal statute" or "place particular conduct or persons covered by the statute beyond the State's power to punish." Instead, it affects the *manner* in which a plea is accepted. Thus, the *Harden* announces a procedural rule and the first *Teague* exception does not apply.

The second exception is also inapplicable. A watershed rule of criminal procedure is one that is "fundamental" and "without which the likelihood of an accurate conviction is seriously diminished." *Teague*, 489 U.S. at 312-313. As the Supreme Court has noted, watershed rules are exceedingly rare:

> We have repeatedly emphasized the limited scope of the second *Teague* exception, explaining that it is clearly meant to apply only to a small core of rules requiring observance of those procedures that … are implicit in the concept of ordered liberty. And, because any qualifying rule would be so central to an accurate determination of innocence or guilt [that it is] unlikely that many such components of basic due process have yet to emerge, it should come as no surprise that we have yet to find a new rule that falls under the second Teague exception.

*Beard v. Banks*, 542 U.S. 406, 417, 124 S.Ct. 2504, 159 L.Ed.2d 494 (2004) (internal quotations omitted). Chaney has not established that his conviction was more suspect simply because a non-Article III judge accepted his guilty plea. Moreover, *Harden* did not suggest that allowing a magistrate judge to hear pleas in

felony cases seriously diminishes the likelihood of an accurate conviction. Rather, as discussed above, the Court of Appeals decision was premised solely on a statutory interpretation of the Federal Magistrate Act.

Further, the Court finds that Chaney also waived this claim in his plea agreement. The Seventh Circuit has found these types of waivers to be valid. The Seventh Circuit has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided that the waiver is knowing and voluntary. *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir), *cert. denied*, 520 U.S. 1281 (1997); *United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995). *See also*, *United States v. Wenger*, 58 F.3d 280, 281 (7th Cir.), *cert. denied*, 116 S.Ct 349 (1995). A waiver will not be enforced, however, if the district judge relied on impermissible facts in sentencing (for instance, the defendant's race or gender) or of the judge sentenced the defendant in excess of the statutory maximum sentence for the offense committed. *Feichtinger*, 105 F.3d at 1190. Further, the Seventh Circuit has found that a waiver of a Section 2255 relief in a plea agreement is enforceable, and should be treated no differently than the waiver of a direct appeal. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Indeed the Seventh Circuit has specifically stated that both statutory and constitutional rights can be waived in a plea agreement. *Id*. at 1144, *United States v. Woolley*, 123 F.3d 627, 631-632 (7th Cir. 1997). *See also United States v. Woods*, 581 F.3d 531, 534 (7th Cir. 2009); *United States v. Emerson*, 349 F.3d 986, 988 (7th Cir. 2003).

For the waiver to be enforceable, Chaney's sentence had to be within the maximum provided by the statute of conviction and the applicable guideline range based upon his relevant conduct. The statutory maximum penalty for conspiracy to commit mail fraud and money laundering is five years imprisonment, 18 U.S.C. § 371. In fact, the statutory terms of imprisonment were outlined in his plea agreement and Magistrate Judge Wilkerson, during the change of plea hearing, informed Chaney of the statutory sentencing ranges and Chaney acknowledged that he understood. Based upon the conduct to which Chaney admitted and conduct contained in the Presentence Investigation Report, his applicable guideline range of imprisonment was 63-78 months imprisonment. The Court sentenced Chaney to 54 months which is less than the statutory maximum and within the applicable guideline range. Further, the Court did not depart upward or variate from the applicable guideline range. There is no basis in the record for avoiding this waiver, the Court did not rely upon constitutionality impermissible factors in sentencing Chaney and the Court did not sentenced him above the statutory maximum. Thus, the waiver provisions of Chaney's plea agreement are enforceable and Chaney has waived his right to bring this § 2255 petition.

Under the 2009 Amendments to Rule 11(a) of THE RULES GOVERNING SECTION 2255 PROCEEDINGS, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Thus, the Court must determine whether petitioner's claims warrant a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

A *habeas* petitioner does not have an absolute right to appeal a district court's denial of his *habeas* petition; he may appeal only those issues for which a certificate of appealability have been granted. See *Sandoval,* 574 F.3d at 852. A *habeas* petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). Under this standard, petitioner must demonstrate that, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Where a district court denies a *habeas* petition on procedural grounds, the court should issue a certificate of appealability only if (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. See *Slack,* 529 U.S. at 485.

As to petitioner's claims, the Court finds that reasonable jurists would not debate that the petition does not present a valid claim of the denial of a constitutional right, or that this Court is barred from reviewing the merits of petitioner's claim. Reasonable jurists could not debate that the petition should have been resolved in a different manner, as petitioner's claims of ineffective assistance of counsel do not present evidence of constitutionally deficient attorney performance; nor do they demonstrate resulting prejudice. Therefore, the Court

declines to certify any issues for review pursuant to 28 U.S.C. § 2253(c).

Accordingly, the Court **GRANTS** the government's motion to dismiss (Doc. 3) and **DENIES** Chaney's motion under 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence by person in federal custody. The Court **DISMISSES with prejudice** this cause of action. The Court **ORDERS** the Clerk of the Court to enter judgment reflecting the same. Further, the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed this 16th day of September, 2015.

Digitally signed by David R. Herndon
Date: 2015.09.16 15:32:34 -05'00'

**United States District Judge**